**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **LONG CORNER CONSUMER ELECTRONICS LLC,** | |
| Plaintiff, | Case No. 2:15-cv-522 |
| v. | **PATENT CASE** |
| **UNITECH AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Long Corner Consumer Electronics LLC files this Complaint against Unitech America, Inc., for infringement of United States Patent No. 7,808,483 (the "'483 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff Long Corner Consumer Electronics LLC ("Plaintiff" or "Long Corner") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 1002 Raintree Circle, Suite 100, Office #167, Allen, Texas 75013.

4.      Upon information and belief, Defendant Unitech America, Inc. ("Defendant") is a California corporation with a principal office located at 6182 Katella Ave., Cypress, California 90630. This Court has personal jurisdiction over Defendant because Defendant has committed,

and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5.      On information and belief, Defendant's products that are alleged herein to infringe were and/or continue to be made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## **VENUE**

6.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## **COUNT I**
## **(INFRINGEMENT OF UNITED STATES PATENT NO. 7,808,483)**

7.      Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9.      Plaintiff is the owner by assignment of the '483 Patent with sole rights to enforce the '483 Patent and sue infringers.

10.     A copy of the '483 Patent, titled "System, Device, and Method for Extending a Stroke of a Computer Pointing Device," is attached hereto as Exhibit A.

11.     The '483 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

## **(Direct Infringement)**

12.     Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '483 Patent, including at least claim 1, by making, using, importing, selling and/or offering for sale computer systems and computer input devices (which

2

may include, by way of example and without limitation, tablets and/or smartphones) covered by one or more claims of the '483 Patent, including without limitation the TB 100 rugged tablet computer (the "Accused Instrumentalities").   Generally for descriptive purposes, and without limitation in any way, characteristics of the Accused Instrumentalities include a sensor (for example, an accelerometer and/or a gyroscope), an input element (for example, a touch screen), and auto-rotation capability with the ability to inhibit such auto-rotation.

13.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

14.    Plaintiff is in compliance with 35 U.S.C. § 287.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)    Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,808,483 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d)   Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff

its attorney's fees and any other appropriate relief;

e)   Award Plaintiff pre-judgment and post-judgment interest and costs; and

f)   Award Plaintiff such further relief to which the Court finds Plaintiff entitled under

law or equity.

Dated: April 15, 2015                    Respectfully submitted,


 */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff Long Corner
Consumer Electronics LLC***